UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DENARD MORRIS, )
)
    Petitioner, ) Civil Action No. 14-131-DLB
)
V. )
)
WARDEN SANDRA BUTLER, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Denard Morris is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Morris has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

**I**

On January 20, 2005, a jury in Fort Wayne, Indiana, found Morris guilty of possession with intent to distribute more than 50 grams of crack cocaine, and guilty of possession with intent to distribute marijuana, both in violation of 21 U.S.C. § 841(a)(1). The jury acquitted Morris of carrying a firearm during and in relation to his drug trafficking offenses. The verdict form specifically required the jury to determine whether the amount of crack cocaine involved in Morris's drug trafficking was "Less than 5 grams," "5 grams or more but less than 50 grams," or was "More than 50 grams." The trial court originally sentenced Morris on December 15, 2005, to 262 months on each count to run concurrently with one another. The Seventh Circuit affirmed Morris's convictions but remanded the case for resentencing, *United States v. Morris*, 498 F.3d

1

634 (7th Cir. 2007), and on November 19, 2007, Morris's sentence for trafficking in marijuana was reduced to a 120-month concurrent sentence. *United States v. Morris*, No. 1:03-CR-62-TLS-1 (N.D. Ind. 2003).

In his petition, Morris contends that under *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013) the trial court erred when it did not require the jury to find beyond a reasonable doubt that the amount of crack cocaine attributable to him exceeded 50 grams. [R. 1, p. 4]

II

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Morris's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed Morris's petition, the Court concludes that it must be denied for several reasons. First, in *Alleyne*, the Supreme Court applied its precedent in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005) to hold that if the existence of a particular fact would increase the applicable mandatory

2

minimum federal sentence, that fact is an "element" of the crime that the jury must find beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155 (*overruling Harris v. United States*, 536 U.S. 545 (2002)). However, a claim of sentencing error under *Alleyne* does not provide a basis for relief under § 2241. *Saccoccia v. Farley*, No. 13-5569, 2014 WL 3607323, at *1-2 (6th Cir. July 22, 2014); *Romero v. Warden Florence FCI*, No. 13-3659, 2014 WL 115304, at *2 (3d Cir. Jan. 14, 2014); *Alsop v. Chandler*, No. 13-10778, 2014 WL 68913, at *1 (5th Cir. Jan. 9, 2014); *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013); *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that because *Alleyne* is a "sentencing-error case," it "does not decriminalize the acts which form the basis of Petitioner's conviction," and therefore may not serve as a basis for an actual innocence claim to fall within the scope § 2241).

Second, even if this were not so, Morris's claim does not implicate *Alleyne*. In *Alleyne*, the Supreme Court concluded that facts which would result in a stricter sentence could not be found by the judge, but must instead be found by the jury. *Alleyne*, 133 S. Ct. at 2155. Here, Morris does not allege that it was the judge who determined the amount of drugs involved instead of the jury. Rather, he contends that the jury instructions did not sufficiently advise the jury that they were required to determine the drug quantity beyond a reasonable doubt. [R. 1, p. 5] Morris's claim is not a claim of error under *Alleyne*, it is a garden variety challenge to the sufficiency of the jury instructions, a quintessential claim of trial error which could, indeed must, have been pursued on direct appeal. A habeas corpus petition pursuant to 28 U.S.C. § 2241 is not a substitute for a direct appeal or an additional remedy to § 2255. *Hernandez v.*

3

*Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). The "savings clause" does not permit resort to § 2241 merely because the prisoner failed to seek relief under § 2255, or did so without success. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Because this claim is one which could and should have been pursued on direct appeal or in an initial motion under § 2255, relief under § 2241 is unavailable. *Cf. Smith v. Snyder*, 48 F. App'x 109, 110 (6th Cir. 2003) (holding that claims that indictment was defective, that jury instructions resulted in improper constructive amendment to indictment, and that counsel was ineffective, are not cognizable under § 2241).

Finally, Morris asserts a freestanding claim that he is actually innocent of the drug trafficking charges, contending in a single sentence that his codefendant shifted blame to him in order to receive a more lenient sentence. [R. 1, p. 5] But the savings clause of Section 2255(e) does not permit a petitioner to make an independent claim that he "didn't do it." "Actual innocence" is a term of art referring to a claim based upon a Supreme Court decision, issued after the prisoner's conviction became final, which re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002). Regrettably, some courts have confused this rule with the independent notion that a claim, adequately supported by competent evidence, that a habeas petitioner is factually innocent of the offense of conviction may constitute grounds to excuse the procedural default of a separate

4

substantive ground for habeas relief, but the concepts are wholly distinct. *Cf. Blalock v. Wilson*, 320 F. App'x 396, 410-11 (6th Cir. 2009) ("The gateway precedent, however, does not support that a showing of actual innocence can serve as an independent ground for habeas relief.") (*citing Herrera v. Collins*, 506 U.S. 390, 400-01 (1993)). Because Morris's claim that he did not commit the conduct which resulted in his convictions is not cognizable in a habeas petition under § 2241, he has provided no basis warranting relief.

Accordingly, **IT IS ORDERED** that:

1. Morris's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 20th day of August, 2014.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\London\2014\14-131 MOO.docx